DAVID L. NEALE (SBN 141225)
JULIET Y. OH (SBN 211414)
LINDSEY L. SMITH (SBN 265401)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234; Facsimile: (310) 229-1244
Email: dln@lnbyg.com; jyo@lnbyg.com; lls@lnbyg.com

Attorneys for Chapter 11 Debtor
and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>THE HACIENDA COMPANY, LLC,<br><br>　　　Debtor and Debtor in Possession. | Case No.: 2:22-bk-15163-NB<br><br>Chapter 11 Case<br>Subchapter V<br><br>**FIRST POST-CONFIRMATION STATUS REPORT OF THE REORGANIZED DEBTOR; DECLARATION OF HANNAH BUCHAN ROSS IN SUPPORT THEREOF**<br><br>Post-Confirmation Status Conference:<br>Date:　January 23, 2024<br>Time:　1:00 p.m.<br>Place:　255 E. Temple Street<br>　　　　Courtroom "1545"<br>　　　　 Los Angeles, California |

1

**TO THE HONORABLE NEIL W. BASON, UNITED STATES BANKRUPTCY JUDGE, THE UNITED STATES TRUSTEE, SUBCHAPTER V TRUSTEE, TWENTY LARGEST UNSECURED CREDITORS, AND PARTIES REQUESTING SPECIAL NOTICE:**

Pursuant to Local Bankruptcy Rule 3020-1(b), Section IV.C of the *Debtor's Second Amended Chapter 11 Liquidating Plan Dated March 30, 2023* [Doc. No. 129] (the "Plan"), the Memorandum Decision Confirming Debtor's Amended Plan entered by the court on September 20, 2023 [Doc. No. 200] (the "Memorandum Decision"), and the order entered by the Court on September 22, 2023 confirming the Plan [Doc. No. 204] (the "Confirmation Order") in the Chapter 11 bankruptcy case of The Hacienda Company, LLC (the "Debtor" and, following the Effective Date, the "Reorganized Debtor"), the Reorganized Debtor hereby submits its first post-confirmation status report (the "Status Report").[1]

    **A.**    **Confirmation And Implementation Of The Plan.**

As noted above, the Confirmation Order was entered by the Court on September 22, 2023. The Plan became effective on October 16, 2023 (the "Effective Date"), and the Debtor filed and served a written notice of the Effective Date on November 16, 2023 [Doc. No. 225].

As reflected in Section III.B.1 of the Plan, the Plan is to be funded with the Debtor's cash on hand on the Effective Date and either the Debtor's 10,560,330 shares of stock in Lowell Farms, Inc. ("Lowell"), which is a publicly traded company that trades on the Canadian Securities Exchange, or the proceeds received by the Debtor from the sale of the Lowell shares. As reflected in paragraph 3.s of the Memorandum Decision, following the filing of the Plan, the Debtor agreed not to distribute shares of Lowell stock directly to creditors and instead agreed to use commercially reasonable efforts to sell or liquidate its Lowell shares over a period of approximately three years after the Effective Date or slightly longer.

Section III.B.3 of the Plan provides that the members of the Reorganized Debtor will

---

[1] All capitalized terms not specifically defined herein shall have the meanings ascribed to them in the Plan.

2

remain the same as the Debtor's members.

Section III.B.4 of the Plan provides that the Reorganized Debtor will be managed by Hannah Buchan Ross and will retain employees/independent contractors on an as-needed basis and pay them consistent with pre-confirmation hourly/salary rates.

Section III.B.5 of the Plan provides that the Reorganized Debtor will act as the disbursing agent under the Plan, free of charge.

**B.    Payments Required And Payments Made Under the Plan.**

Under the terms of the Plan, certain payments are required to be made by the Reorganized Debtor on or about the Effective Date, as follows:

### 1.    *Professional Administrative Claims*

Under the Plan, the Reorganized Debtor is required to pay the administrative fee claims of the estate's professionals in full upon the later of (i) the Effective Date, and (ii) the date that the Court enters an order allowing such fees and expenses.

On November 29, 2023, the Court entered orders approving (a) the second and final fee application filed by Levene, Neale, Bender, Yoo & Golubchik L.L.P., the Debtor's bankruptcy counsel, for the allowance of fees and expenses totaling $242,637.69 incurred during the period from September 21, 2022 (the "Petition Date") through November 6, 2023, and for the payment of unpaid allowed fees and expenses totaling $170,417.38; (b) the first and final fee application filed by Fisher & Phillips L.L.P., the Debtor's special litigation counsel, for the allowance and payment of fees and expenses totaling $12,946.15 incurred during the period from September 21, 2022 through October 16, 2023; and (c) the first and final fee application filed by Eisner LLP, the Debtor's special corporate counsel, for the allowance of fees and expenses totaling $2,107.50 incurred during the period from September 21, 2022 through and including October 16, 2023, and for authority to draw down on the $10,000 retainer previously provided by the Debtor to pay such allowed fees and expenses in full. On December 4, 2023, the Court entered an order approving the second and final fee application filed by Susie K. Seflin, the Subchapter V Trustee appointed in the Debtor's case, for the allowance of fees and expenses totaling $17,095.50 incurred during the period from September 22, 2022 through November 28, 2023, and for the

1 payment of unpaid allowed fees and expenses totaling $11,320.50. All of the foregoing 2 professional fees and expenses have been paid in full by the Reorganized Debtor.

3 After paying professional administrative claims, the Reorganized Debtor is currently 4 holding cash in the approximate sum of $12,581.77.

### 2. *Priority Tax Claims*

Under the Plan, the Reorganized Debtor is required to pay all allowed priority tax claims in full on the Effective Date if it has sufficient cash to do so (or as soon thereafter as is practicable) or, if there is an objection to any priority tax claim, within 5 business days after the entry of an order allowing such priority tax claim. If the Reorganized Debtor does not have sufficient cash to pay allowed priority tax claims in full on the Effective Date, the Reorganized Debtor is required to make semi-annual payments to each holder of an allowed priority tax claim for a period ending not later than 5 years after the Petition Date.

The chart below indicates all priority tax claims which were either scheduled by the Debtor or asserted by the taxing agencies in timely filed proofs of claim. The inclusion of the claims in the chart below is intended to reflect the claims that have been scheduled and/or asserted in timely filed proofs of claim as priority tax claims, and is not intended to be a concession by the Reorganized Debtor regarding the validity of such claims. As noted below, the Reorganized Debtor disputes the claim asserted by the Internal Revenue Service ("IRS") in its entirety and will file an objection to such claim in the event that the IRS does not voluntarily amend or withdraw such claim. The Reorganized Debtor does not dispute the priority tax claims asserted by the Franchise Tax Board or the California Department of Tax and Fee Administration, and intend to pay those claims immediately from its cash on hand.

///
///
///
///
///

4

| Claimant | Proof of Claim No. | Claim Amount |
|---|---|---|
| Franchise Tax Board | 2 | $843.93 |
| Internal Revenue Service | 5 | $11,817.14[2] |
| California Department of Tax and Fee Administration | 11 | $1,287.54 |
| **TOTAL** |  | **$13,948.61** |

### 3. <u>Class 1 Allowed General Unsecured Claims</u>

Pursuant to the Plan, as modified by the Memorandum Decision and the Confirmation Order, holders of Class 1 Allowed General Unsecured Claims shall receive a cash payment equal to his/her/its prorated share of the cash proceeds from the sale and/or liquidation of the Lowell shares, if and when received, but only after any allowed secured, administrative, and priority claims have been paid in full. Any sale of the Lowell shares would be subject to market conditions, and the Reorganized Debtor is required to sell such shares in a commercially reasonable manner that does not negatively affect the share price in any material way. While the Reorganized Debtor is required to sell a sufficient portion of the Lowell shares to pay allowed claims in an orderly fashion over a reasonable period of time, the Reorganized Debtor shall not be compelled to sell any of the Lowell stock unless the stock price exceeds $1.74 per share (with appropriate adjustments as described in the Plan). Notwithstanding the foregoing, at the expiration of three (3) years following the Effective Date, the Reorganized Debtor shall proceed in a prompt manner to engage in sales of its Lowell shares at then-prevailing market prices.

Effective August 31, 2023, Lowell consolidated all of its subordinate voting shares on the basis of one post-consolidation subordinate voting share for every ten pre-consolidation subordinate voting shares, effectively reducing the number of issued and outstanding subordinate voting shares from 112,761,904 to approximately 11,276,190.[3] As a result of Lowell's share

---

[2] As set forth in the IRS's proof of claim, the amount asserted is an estimated amount for the tax years of 2021 and 2022. Based upon the Debtor's filed tax returns for 2021 and 2022, it is the Reorganized Debtor's position that no taxes are owed to the IRS for either tax year.

[3] *See* press release regarding share consolidation at https://ir.lowellfarms.com/news-events/press-releases/detail/113/lowell-farms-inc-announces-share-consolidation.

5

consolidation, the number of Lowell shares held by the Debtor (and now, the Reorganized Debtor) has been reduced from 10,560,330 shares to 1,056,033 shares. As of the date of the filing of this Status Report, shares of Lowell stock is selling at $0.18 USD per share. Based on the foregoing, the Debtor's 1,056,033 shares of Lowell stock has a total current value of approximately $190,000 USD.

As reflected in **Exhibit 1** hereto, the total amount of Class 1 Allowed General Unsecured Claims is estimated to be $2,602,689.23. For illustration purposes, if all of the Reorganized Debtor's Lowell shares were to be sold now at the current estimated share price (of $0.18 USD), subject to an estimated brokerage fee/costs equal to approximately 10% of the value of such shares, holders of Class 1 Allowed General Unsecured Claims would receive a recovery equal to approximately 6.6% of the allowed amounts of their claims.

Since the Effective Date, the Reorganized Debtor has spent time investigating which brokerage firms and banks would be willing to work with the Reorganized Debtor to house and liquidate/sell the Lowell shares. The Reorganized Debtor has discovered that there are very few brokerage firms and banks who would be willing to do so. Thankfully, Haywood Securities (USA) Inc. ("Haywood"), a Canadian-based U.S. registered investment firm, has indicated its willingness to take custody of the Reorganized Debtor's Lowell shares for the purpose of selling and liquidating such shares. The Reorganized Debtor is currently in the process of completing the compliance process with Haywood. Given that Haywood is a Canadian-based firm, it is subject to both United States SEC and Canadian Securities laws, which has made the compliance process more complex and time-consuming. However, the Reorganized Debtor is optimistic that the compliance process will be completed within the next thirty (30) days, at which time the Lowell shares will be transferred into an account with Haywood and will begin to be sold in a commercially reasonable manner.

C. **Post-Confirmation Tax Liabilities And Payments**

All post-confirmation tax liabilities of the Reorganized Debtor that have become due have been paid in the ordinary course. Accordingly, the Reorganized Debtor does not owe any post-confirmation tax liabilities.

**D.    Reorganized Debtor's Projections As To Its Continuing Ability To Comply With The Plan.**

As noted above, the Reorganized Debtor has paid all allowed administrative claims. As also noted above, the Reorganized Debtor believes that it currently has sufficient cash on hand (*i.e.*, $12,581.77) to satisfy all allowed priority tax claims in full. Under the terms of the Plan, holders of Class 1 Allowed General Unsecured Claims will only receive their prorated share of the Debtor's cash and any proceeds from the sale of the Lowell shares remaining after payment of all allowed secured, administrative, and priority claims. The Reorganized Debtor is not aware of any allowed secured, administrative or priority claims other than those described above. The Plan does not guarantee any particular recovery to holders of Class 1 Allowed General Unsecured Claims. Based on the foregoing, the Reorganized Debtor remains confident that it will be able make all of the payments required under the Plan and to otherwise comply with the terms of the Plan.

**E.    Estimated Date For Plan Consummation And Application For Final Decree.**

The Reorganized Debtor anticipates moving for the entry of a final decree closing this bankruptcy case after the Reorganized Debtor has sold and/or liquidated all of its remaining Lowell shares and distributed the proceeds from the sale/liquidation of the Lowell shares, along with any remaining cash on hand, to (a) pay any remaining priority tax claims in full, and (b) pay allowed Class 1 claims on a pro rata basis, in accordance with the terms of the Plan.

While it is difficult to estimate when the Reorganized Debtor will be in a position to move for the entry of a final decree closing this bankruptcy case, the Reorganized Debtor is hopeful that it will be in a position to do so on or before September 30, 2026.

///
///
///
///
///

    **F.**    **<u>Next Post-Confirmation Status Report</u>.**

In accordance with Section IV.C of the Plan, the Reorganized Debtor will file its next post-confirmation status report within 90 days after the date of the first post-confirmation status conference (*i.e.*, by April 22, 2024), or such other date that may be set by the Court.

DATED: January 9, 2024                          THE HACIENDA COMPANY, LLC

By: _____
     DAVID L. NEALE
     JULIET Y. OH
     LINDSEY L. SMITH
     Attorneys for Reorganized Debtor

## DECLARATION OF HANNAH BUCHAN ROSS

I, HANNAH BUCHAN ROSS, hereby declare as follows:

1. I have personal knowledge of the facts set forth below and, if called to testify, I would and could competently testify thereto.

2. I am the Manager of The Hacienda Company, LLC, the debtor in the chapter 11 bankruptcy case herein (the "Debtor" or the "Reorganized Debtor").

3. I have reviewed the *"First Post-Confirmation Status Report Of The Reorganized Debtor"* (the "Status Report"), to which this declaration is attached, and believe that all of the statements set forth therein are accurate. All capitalized terms not defined herein shall have the meanings ascribed to them in the Status Report.

4. In accordance with the terms of the Plan, I am managing the Reorganized Debtor and I am responsible for ensuring that the Reorganized Debtor complies with its obligations as the disbursing agent under the Plan.

5. Following the Effective Date of the Plan (*i.e.*, October 16, 2023), the Reorganized Debtor made the following payments to professionals in compliance with the Court orders approving such professionals' final fee applications: (a) Levene, Neale, Bender, Yoo & Golubchik L.L.P. – $170,417.38, (b) Fisher & Phillips L.L.P. – $12,946.15, (c) Eisner LLP – $0 (allowed fees and expenses were paid from the $10,000 retainer previously provided by the Debtor), and (d) Susie K. Seflin, Subchapter V Trustee – $11,320.50.

6. After paying the allowed professional administrative claims in full, the Reorganized Debtor is currently holding cash in the approximate sum of $12,581.77.

7. The chart below indicates all known scheduled and/or asserted priority tax claims:

| Claimant | Proof of Claim No. | Claim Amount |
|---|---|---|
| Franchise Tax Board | 2 | $843.93 |
| Internal Revenue Service | 5 | $11,817.14 |
| California Department of Tax and Fee Administration | 11 | $1,287.54 |
| **TOTAL** | | **$13,948.61** |

8. The Internal Revenue Service ("IRS") as filed a proof of claim asserting an estimated amount for the tax years of 2021 and 2022. Based upon the Debtor's filed tax returns for 2021 and 2022, it is the Reorganized Debtor's position that no taxes are owed to the IRS for either tax year. The Reorganized Debtor will file an objection to the proof of claim filed by the IRS in the event that the IRS does not voluntarily amend or withdraw such claim.

9. The Reorganized Debtor does not dispute the priority tax claims asserted by the Franchise Tax Board or the California Department of Tax and Fee Administration, and intend to pay those claims immediately from its cash on hand.

10. Effective August 31, 2023, Lowell consolidated all of its subordinate voting shares on the basis of one post-consolidation subordinate voting share for every ten pre-consolidation subordinate voting shares, effectively reducing the number of issued and outstanding subordinate voting shares from 112,761,904 to approximately 11,276,190 (*see* press release regarding share consolidation at https://ir.lowellfarms.com/news-events/press-releases/detail/113/lowell-farms-inc-announces-share-consolidation). As a result of Lowell's share consolidation, the number of Lowell shares held by the Debtor (and now, the Reorganized Debtor) has been reduced from 10,560,330 shares to 1,056,033 shares. As of the date of the filing of this Status Report, shares of Lowell stock is selling at $0.18 USD per share. Based on the foregoing, the Debtor's 1,056,033 shares of Lowell stock has a total current value of approximately $190,000 USD.

11. Attached as **Exhibit 1** hereto is a list of all Class 1 Allowed General Unsecured Claims, which are estimated to total $2,602,689.23. For illustration purposes, if all of the Reorganized Debtor's Lowell shares were to be sold now at the current estimated share price (of $0.18 USD), subject to an estimated brokerage fee/costs equal to approximately 10% of the value of such shares, holders of Class 1 Allowed General Unsecured Claims would receive a recovery equal to approximately 6.6% of the allowed amounts of their claims.

12. Since the Effective Date, I have spent time investigating which brokerage firms and banks would be willing to work with the Reorganized Debtor to house and liquidate/sell the Lowell shares. I have discovered that there are very few brokerage firms and banks who would be willing to do so. Thankfully, Haywood Securities (USA) Inc. ("Haywood"), a Canadian-based U.S.

10

registered investment firm, has indicated its willingness to take custody of the Reorganized Debtor's Lowell shares for the purpose of selling and liquidating such shares. The Reorganized Debtor is currently in the process of completing the compliance process with Haywood. Given that Haywood is a Canadian-based firm, it is subject to both United States SEC and Canadian Securities laws, which has made the compliance process more complex and time-consuming. However, I am optimistic that the compliance process will be completed within the next thirty (30) days, at which time the Lowell shares will be transferred into an account with Haywood and will begin to be sold in a commercially reasonable manner.

13. To the best of my knowledge, all post-confirmation tax liabilities of the Reorganized Debtor that have become due have been paid in the ordinary course. Accordingly, the Reorganized Debtor does not owe any post-confirmation tax liabilities.

14. Under the terms of the Plan, holders of Class 1 Allowed General Unsecured Claims will only receive their prorated share of the Debtor's cash and any proceeds from the sale of the Lowell shares remaining after payment of all allowed secured, administrative, and priority claims. I am not aware of any allowed secured, administrative or priority claims other than those described above and in the Status Report. The Plan does not guarantee any particular recovery to holders of Class 1 Allowed General Unsecured Claims. Based on the foregoing, I remain confident that the Reorganized Debtor will be able make all of the payments required under the Plan and to otherwise comply with the terms of the Plan.

///
///
///
///
///
///
///
///

15. I anticipate that the Reorganized Debtor will move for the entry of a final decree closing its bankruptcy case after it has sold and/or liquidated all of its remaining Lowell shares and distributed the proceeds from the sale/liquidation of the Lowell shares, along with any remaining cash on hand, to (a) pay any remaining priority tax claims in full, and (b) pay allowed Class 1 claims on a pro rata basis, in accordance with the terms of the Plan. I am hopeful that the Reorganized Debtor will be in a position to move for the entry of a final decree closing its bankruptcy case on or before September 30, 2026.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 9th day of January, 2024 at New York City, New York.

*[signature]*

HANNAH BUCHAN ROSS

# EXHIBIT 1

|  |  |  |  |  |  | FILED CLAIM | | | SCHEDULED CLAIM | ALLOWED CLAIM |
|---|---|---|---|---|---|---|---|---|---|---|
| Creditor | Payment Address 1 | Payment Address 2 | City | State | Zip | Claim No. | Date Claim Filed | General Unsecured | Schedule "F" Unsecured | Allowed Unsecured Claim |
| Alejandra Guzman & Karla Quijada | Allen K. Hutkin, Esq. | 1220 Marsh Street | San Luis Obispo | CA | 93401 | 4 | 11/9/22 | 1,000,000.00 | 1,000,000.00 | 1,000,000.00 |
| Auxin Ventures, LLC | c/o John D. Pernick | 111 N. Market St., Ste 600 | San Jose | CA | 95113 |  |  |  | Unk | 0.00 |
| Barry Bergman | 1111 Park Avenue |  | New York | NY | 10128 | 9 | 11/28/22 | 28,564.81 | 25,000.00 | 28,564.81 |
| Barry Bergman (Scheduled as 42.318 OPC LLC) | 1111 Park Avenue |  | New York | NY | 10128 | 10 | 11/28/22 | 428,471.92 | 375,000.00 | 428,471.92 |
| Benjamin Nickoll, Trustee of Kestrel Foundation | Benjamin Nickoll, Trustee of Kestrel Foundation | PO Box 1500 | Washington | CT | 06793 | 8 | 11/28/22 | 457,036.73 | 400,000.00 | 457,036.73 |
| Christopher Kincey II & Yusuf Ali | c/o Dennis P. Wilson | 3322 West Victory Blvd. | Burbank | CA | 91505 |  |  |  | Unk | 0.00 |
| Cohen Tax & Consulting | 16633 Ventura Blvd. | Ste. 1005 | Encino | CA | 91436 |  |  |  | 1,130.00 | 1,130.00 |
| Employment Development Department | Bankruptcy Group MIC 92E | PO Box 826880 | Sacramento | CA | 94280-0001 |  |  |  | 0.00 | 0.00 |
| Fisher Phillips LLP | PO Box 301018 |  | Los Angeles | CA | 90030 |  |  |  | 420.00 | 420.00 |
| Gary Iskowitz & Company LLP | 1901 Century Park East | Ste 1010 | Los Angeles | CA | 90067 |  |  |  | 195.00 | 195.00 |
| Keven Valencia | c/o Law Offices of Roger O. Vega | 959 E. Colorado Blvd., Ste. 217 | Pasadena | CA | 91106 |  |  |  | Unk | 0.00 |
| Kiyana Foster | c/o Jaurigue Law Group | 300 W. Glenoaks Blvd., Ste. 300 | Glendale | CA | 91202 |  |  |  | Unk | 0.00 |
| Lesley Marquez | c/o The Dominguez Firm LLP | 3250 Wilshire Blvd., Ste. 2200 | Los Angeles | CA | 90010 |  |  |  | Unk | 0.00 |
| Los Angeles Department of Water & Power | PO Box 30808 |  | Los Angeles | CA | 90030 |  |  |  | 5,597.04 | 5,597.04 |
| Michael Marocco, Trustee of the Wahl Children 2003 Trust | Michael Marocco, Trustee | 21 E. 87th St., Apt. 4D | New York | NY | 10128 | 7 | 11/28/22 | 457,036.73 | 400,000.00 | 457,036.73 |
| Protective Insurance Company dba Protective RE |  |  |  |  |  | 1 | 10/7/22 | 72,237.00 |  | 72,237.00 |
| Shongdezai Matangira | c/o Camron Dowlatshahi, Esq. | 333 South Hope St., 40th Fl. | Los Angeles | CA | 90071 | 3 | 11/8/22 | 2,600,000.00 | Unk | 152,000.00 |
| Tresa Tearpak | 639 N. Broadway, #657 |  | Los Angeles | CA | 90012 | 6 | 11/18/22 | 48,247.58 | Unk | 0.00 |
| U.S. Securities and Exchange Commission | Attn: Bankruptcy Counsel | 444 South Flower St., Ste. 900 | Los Angeles | CA | 90071 |  |  |  | 0.00 | 0.00 |
|  |  |  |  |  |  |  |  |  |  | **$2,602,689.23** |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 2818 La Cienega Avenue, Los Angeles, CA 90034

A true and correct copy of the foregoing document **First Post-Confirmation Status Report Of The Reorganized Debtor; Declaration Of Hannah Buchan Ross In Support Thereof** Be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **January 9, 2024** checked the CM/ECF docket for this bankruptcy case and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Russell Clementson    russell.clementson@usdoj.gov
- Kimberly S Fineman    kfineman@fhlawllp.com
- Dare Law    dare.law@usdoj.gov
- Kelly L Morrison    kelly.l.morrison@usdoj.gov
- David L. Neale    dln@lnbyg.com
- Juliet Y. Oh    jyo@lnbyg.com, jyo@lnbyb.com
- Susan K Seflin (TR)    sseflin@bg.law, sks@bg.law;mailto:aquijano@bg.law;C192@ecfcbis.com;ecf@bg.law
- Lindsey L Smith    lls@lnbyg.com, lls@ecf.inforuptcy.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On **January 9, 2024** served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **January 9, 2024**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

None.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 9, 2024 | Rebecka Merritt | /s/ Rebecka Merritt |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

Hacienda Company (9777)
UST – SubV Trustee –
RSN – Top 20

| | | |
|---|---|---|
| **SubV Trustee**<br>**Susan K Seflin (TR)**<br>21650 Oxnard Street, Suite 500<br>Woodland Hills, CA 91367 | **Russell Clementson, Dare Law, Kelly L Morrison**<br>**United States Trustee**<br>915 Wilshire Blvd, Suite 1850<br>Los Angeles, CA 90017 | No RSN as of 1/9/2024 |
| **20 Largest Unsecured Creditors** | 42.318 OPC LLC<br>c/o 27.407 Management LLC<br>8437 Tuttle Ave<br>Sarasota, FL 34243 | Alejandra Guzman & Karla Quijada<br>c/o Allen K. Hutkin<br>1220 Marsh Street<br>San Luis Obispo, CA 93401 |
| Auxin Ventures, LLC<br>c/o John D. Pernick<br>111 N. Market St., Ste.600<br>San Jose, CA 95113 | Barry Bergman<br>1111 Park Avenue<br>New York, NY 10128 | Benjamin Nickoll<br>Trustee of Kestrel Foundation<br>PO Box 1500<br>Washington, CT 06793 |
| CA Dept of Tax & Fee Admin.<br>P.O. Box 942879<br>Sacramento, CA 94279 | Christopher Kincey II & Yusuf Ali<br>c/o Dennis P. Wilson<br>3322 West Victory Boulevard<br>Burbank, CA 91505 | Cohen Tax & Consulting<br>16633 Ventura Blvd., Suite 1005<br>Encino, CA 91436 |
| Fisher Phillips LLP<br>PO Box 301018+<br>Los Angeles, CA 90030 | Gary Iskowitz & Company LLP<br>1901 Century Party East, Suite 1010<br>Los Angeles, CA 90067 | Keven Valencia<br>c/o Law Offices of Roger O. Vega<br>959 East Colorado Blvd., Ste. 217<br>Pasadena, CA 91106 |
| Kiyana Foster<br>c/o Jaurigue Law Group<br>300 W Glenoaks Blvd., Ste. 300<br>Glendale, CA 91202 | Lesley Marquez<br>c/o The Dominguez Firm LLP<br>3250 Wilshire Blvd., Ste. 2200<br>Los Angeles, CA 90010 | LA DWP<br>PO Box 30808<br>Los Angeles, CA 90030 |
| Michael Marocco, Trustee of the Wahl Children 2003 Trust<br>21 East 87th St., Apt. 4D<br>New York, NY 10128 | Shongdezai Matangira<br>c/o Sadat Law Group<br>333 South Hope St. 40th Fl<br>Los Angeles, CA 90071 | Tresa Tearpak<br>639 N. Broadway, #657<br>Los Angeles, CA 90012 |